**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**RYAN PATRICK DENNEY[1],**

        **Plaintiff,**

**v.**                                **Case No.: 3:22-cv-00248**

**WHEATSTONE CORP.,**

        **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On June 6, 2022, Plaintiff Ryan Patrick Denney filed a complaint against Wheatstone Corporation ("Wheatstone"), alleging that Wheatstone "violated anti-trust laws and committed unethical business practices" by releasing Plaintiff's name and address to a third party who used the information to steal radio equipment from Plaintiff, resulting in a $100,000 loss. (ECF No. 1 at 4). Pending before the Court is Defendant's Motion to Dismiss, (ECF No. 11), pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] The complaint identifies Plaintiff as both Ryan Patrick Denney and Project Developments, a company incorporated under the laws of West Virginia. (ECF No. 1 at 1, 3). The Court takes judicial notice that the West Virginia Secretary of State's business organization search website does not yield any results for "Project Developments" or "Ryan Denney." (https://apps.sos.wv.gov/business/corporations/). As a corporation must have its articles of incorporation filed with the West Virginia Secretary of State, W.Va. Code §31D-2-203, Project Developments is not a corporation in the state of West Virginia. Indeed, Plaintiff admits in later filings that Project Developments is not a "corporation, LLC, or PLLC," (ECF No. 15 at 3), but states that he has a business license for the entity. (*Id.*). He later describes it as a "self-proprietorship" in which he is the only employee. (ECF No. 17 at 4). If Plaintiff were a corporation or other artificial entity, the complaint would have to be dismissed, as artificial entities must be represented by licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993). However, it appears that Ryan Patrick Denney purchased the equipment at issue in this case, and the address from which the equipment was taken is his residence address; therefore, the Clerk is directed to substitute Ryan Patrick Denney as the *pro se* Plaintiff in this action and remove Project Developments as a party plaintiff.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss, (ECF No. 11), be **GRANTED**; Plaintiff's complaint, (ECF No. 1), be **DISMISSED**; and this action be removed from the docket of the Court.

## I.    Relevant Facts and Procedural Background

Plaintiff states in his complaint that he has been working to build an F.M. radio station in his community and purchased radio equipment for that purpose in January 2022. (ECF No. 1 at 6). The equipment included a Wheatstone 24 Channel Mixer Board, a Wheatstone Blade 3 I.P. Receiver, and a Wheatstone M1600 Power Supply, none of which was in working order. (*Id.*). Over the next few months, Plaintiff purchased parts from Wheatstone in order to repair the equipment, and by the middle of March, had the equipment operational. (*Id.* at 6-7). Plaintiff claims that the repaired equipment is valued at $40,000. (*Id.* at 7).

On April 1, 2022, Plaintiff contacted the Kenova Police Department to report a burglary at his home. (ECF No. 6). An officer arrived at Plaintiff's residence and took his statement. Plaintiff reported that while he was at work that day, two men made contact with his mother, who was at Plaintiff's residence, and stated that they were from a radio station in Parkersburg. (*Id.* at 4). The men indicated that they were there to retrieve some radio equipment that belonged to their station and had been mistakenly delivered by FedEx to Plaintiff's home. They advised Plaintiff's mother that they had spoken with Plaintiff, and he was aware that they planned to collect the equipment. (*Id.*). Accordingly, Plaintiff's mother allowed them to remove the equipment from the residence and leave

2

with it in a blue SUV, unknown make and model. (ECF No. 6 at 4). Two other witnesses observed the men speak with Plaintiff's mother and remove the property from the home. Plaintiff's mother and one of the witnesses stated that the men were wearing blue polo shirts with logos on them, as if they were in business uniforms. (*Id*.).

Plaintiff reported to the officer that he had not given anyone permission to take the equipment. (*Id*. ). He explained that he had purchased the equipment, a drone, and an X-box gaming console for $500 from an individual named Brett Collins in Huntington, West Virginia. The equipment was originally recovered from an abandoned apartment and was used as collateral for unpaid rent. (*Id*.). Plaintiff stated that the equipment was damaged when he bought it, and that during the week of the theft, he had contacted the manufacturer, Wheatstone Audio, to order replacement parts. At that time, Plaintiff had supplied his name, address, and the serial numbers of two of the pieces of equipment to Wheatstone. The officer contacted Wheatstone, who advised that the equipment was originally sold to a radio station in Parkersburg, West Virginia. However, Wheatstone denied that it had released Plaintiff's information. (*Id*.).

Plaintiff alleges that Wheatstone was the only entity that knew of his ownership of the equipment, because he had ordered parts from Wheatstone. (ECF No. 1 at 10). He asserts that he obtained the equipment legally; that the equipment was never reported stolen or missing until he reported it stolen; that Wheatstone identified the original purchaser as a station in Parkersburg, similar to what the men told his mother; and that even though Plaintiff does not know who took his equipment, it is apparent that Wheatstone released his name to the first purchaser of the equipment, which led to the equipment being taken from his residence. (*Id*. at 10-11). The complaint and police report do not state the current location of the equipment, or whether its location is known. (ECF

Nos. 1, 6). The identity of the men who took the equipment is also unknown. In addition to the loss of the equipment valued at $40,000, Plaintiff claims that the theft resulted in $30,000 of lost wages and a loss of $30,000 in investments. (*See* ECF No. 1).

On September 7, 2022, Wheatstone filed a Motion to Dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting the following three grounds: (1) the complaint fails to state a viable legal cause of action; (2) its core factual allegations are based purely on speculation; and (3) it was improperly filed on behalf of a corporation by a non-attorney. (ECF No. 11). In a supporting memorandum, Wheatstone argues that the allegations of the complaint do not satisfy the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007), because they do not raise a right to relief above the speculative level." (ECF No. 12 at 3, 6) (quoting *Twombly,* 550 U.S. at 555). Wheatstone asserts that Plaintiff's complaint describes a claim of conversion of personal property, but fails to state that Wheatstone is the party that converted the property. In Wheatstone's view, it cannot be liable for conversion if it did not take the missing equipment. (*Id.* at 5-6). Wheatstone denies that it provided Plaintiff's address to anyone, but contends that even if it did do so, there is no cause of action for such behavior. (*Id.* at 6). Wheatstone points out that Plaintiff only speculates that the men who took his property received his contact information from Wheatstone and has not provided any factual support for that core allegation; thus, Plaintiff's clear failure to provide factual support for this necessary element requires dismissal of the complaint. (*Id.* at 6-8). Finally, Wheatstone argues what the undersigned has already noted—Project Developments, if it were a corporation, can "appear in federal courts only through licensed counsel," which it does not have. *Fed. Trade Comm'n v. Pukke*, ___ F.4th ___, 2022 WL 16568278, at *9 (4th Cir. Nov. 1, 2022) (quoting *Rowland,* 506 U.S. at 195).

4

On September 19, 2022, Plaintiff submitted a response in opposition to Wheatstone's Motion to Dismiss. (ECF No. 15). Plaintiff asserts that there is a viable claim against Wheatstone because the "Kenova Police Dept., in Kenova, WV is investigating the company for Fraudulent Schemes, in which, the State of West Virginia sees this particular investigation as being a possible multitude of crimes, and if found guilty of Fraudulent Schemes, would also be guilty of Grand Larceny, and Entering Without Breaking in the State of W.V." (ECF No. 15 at 1). Plaintiff refers to the top of the police report, (ECF No. 6), as proof of his assertion. Plaintiff also indicates that the investigation by the Kenova Police Department has uncovered where the equipment was taken, although he does not clarify the location. (*Id.* at 2).

In its reply memorandum, Wheatstone emphasizes that the only police report on record reflects that the men who took Plaintiff's property are unknown and that Wheatstone denied disclosing Plaintiff's address. (ECF No. 16 at 1-2). Furthermore, the police report states that the men who appeared at Plaintiff's residence told Plaintiff's mother that FedEx had mistakenly delivered the equipment to Plaintiff; accordingly, FedEx may have provided Plaintiff's address to the men who retrieved the property. Wheatstone reiterates the lack of factual allegations to support the complaint and again argues that Plaintiff has not identified any cognizable legal cause of action against Wheatstone. (*Id.* at 3-7). Wheatstone repeats that Plaintiff may have a claim of conversion against the individuals who took his property, but Plaintiff does not allege that Wheatstone converted the equipment. Therefore, he has failed to state a claim for which relief may be granted.

On September 28, 2022, Plaintiff submitted a surreply memorandum. (ECF No. 17). Local Rule of Civil Procedure 7.1(a)(7) requires a party to seek leave of Court before

filing a surreply memorandum, and such memoranda are looked upon with disfavor. Nonetheless, the undersigned reviewed the memorandum. Plaintiff restates his claim that Wheatstone must have released his name and address, because it was the only entity, other than Plaintiff, that knew the location of the equipment. (*Id.* at 1-2). Furthermore, Plaintiff points out that Wheatstone provided the Kenova Police Department with information about the original purchaser without a warrant, implying that Wheatstone freely shares such information. (*Id.* at 2). Plaintiff contends that he has stated a viable claim and opposes dismissal of the complaint.

## II.    <u>Standard of Review</u>

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint will survive a 12(b)(6) motion if it states a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. In resolving the motion, the court must assume that the facts alleged in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56. However, a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

6

Moreover, a plaintiff cannot simply rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. To defeat a motion to dismiss, the allegations of the complaint must give rise to more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

As the purpose of Rule 12(b)(6) is limited to evaluating the adequacy of the complaint, the court does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Nevertheless, while the Court "take[s] the facts in the light most favorable to the plaintiff, … [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). The court may consider any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint

still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.   <u>Discussion</u>

Wheatstone offers three grounds for dismissal of the complaint. The third ground—that Project Developments is a corporation that cannot proceed *pro se*—has been rendered moot by substituting Ryan Patrick Denney as the Plaintiff. Accordingly, the undersigned has considered the other two stated grounds and **FINDS** that (1) the complaint fails to include sufficient factual allegations to state a plausible claim against Wheatstone; and (2) the complaint fails to state a cognizable legal theory against Wheatstone for which relief may be granted. Therefore, the complaint should be dismissed.

### *1. The Complaint Lacks Sufficient Facts*

The crux of Plaintiff's complaint against Wheatstone is that it provided the location of Plaintiff's radio equipment to the individuals who took the equipment from Plaintiff's residence. However, Plaintiff has supplied only conclusory allegations to support his complaint, which are insufficient to raise his claim against Wheatstone above the speculative level. Plaintiff does not know the identity of the men who took the equipment from his home, or where the equipment was taken, and he is merely hypothesizing that the men obtained his personal information from Wheatstone. His hypothesis is not based

on any direct evidence or objective fact, but instead is the result of a deductive fallacy. It is nothing more than a bald accusation. Consequently, Plaintiff fails to state a plausible claim against Wheatstone. *Twombly*, 550 U.S. at 555.

### 2. *The Complaint Fails to State a Cognizable Claim*

Even if Plaintiff's complaint did include enough facts to proceed, it still cannot survive a motion to dismiss, because Plaintiff fails to provide a viable legal theory under which to recover against Wheatstone. Accepting as true Plaintiff's premise that Wheatstone disclosed his name and address to the men who took his radio equipment, Plaintiff has not cited any law which would make that conduct grounds for relief. Plaintiff alleges two bases of liability: (1) that releasing his information was a violation of antitrust laws; and (2) that this conduct constituted an unethical business practice. (ECF No. 1 at 4). Looking first at antitrust laws, the undersigned can find no conceivable application of the principles of antitrust law to Wheatstone's alleged release of Plaintiff's contact information. Broadly speaking, antitrust laws regulate certain business conduct, such as corporate mergers, with a goal toward preventing the monopolization of "any part" of commerce that would unfairly impair market competition. *Spectrum Sports, Inc. v. McQuillan,* 506 U.S. 447, 458-459 (1993). The situation described by Plaintiff in the complaint does not in any way involve the type of conduct addressed by antitrust laws.

As to "unethical business practices," while they may be undesirable, they do not give rise to a civil cause of action unless a relevant law or doctrine applies to the specific alleged conduct. Plaintiff has cited no governing state or federal law under which it would be illegal for Wheatstone to disclose a customer's name and address to a third party. In contrast, Wheatstone provides examples of various laws and customs that allow business entities to share the contact information of their customers with third parties,

9

demonstrating that it is not always improper for businesses to share consumer data. (ECF No. 16 at 4).

In his response to Wheatstone's motion to dismiss, Plaintiff argues that his complaint provides grounds for relief, as the police are investigating his criminal claim. (ECF No. 15 at 1). While the Kenova Police Department has started an investigation into Plaintiff's allegations that his personal property was stolen, (ECF No. 6), a police investigation into a possible crime does not give rise to a civil cause of action; particularly, when the suspects in the crime are not presumed to have any connection to Wheatstone. Plaintiff suggests that Wheatstone is the target of the investigation, but that is incorrect. The police report identifies the suspects as "unknown males" and lists the criminal violation as "fraudulent schemes," because the unknown males obtained the radio equipment by making fraudulent representations to Plaintiff's mother. (ECF No. 6). Pursuant to the police report, Wheatstone's only involvement in the investigation is as a source of secondary information. (*Id.*).

To proceed on a civil complaint, a plaintiff must identify an applicable legal theory of civil recovery. *See Russell v. Butcher*, No. 2:19-cv-00918, 2020 WL 4047203, (S.D.W. Va., July 17, 2020) (dismissing claims made under "Constitutions, statutes, and common law of the State of West Virginia" where complaint identified no specific law defendants violated); *Washington Cnty. Bd. of Edu. V. Mallinckrodt ARD, Inc.*, 431 F.Supp.3d 698, 718 (D. Md. 2020) (dismissing complaint which did not identify any law violated by defendant); *Lawson v. Ditech Financial*, No. 16-5491, 2017 WL 11551882, at *1 (E.D. Penn., April 27, 2017) (dismissing complaint which alleged illegal business practices but cited no law which made defendant's alleged conduct illegal); *Ford v. Citibank, N.A.*, No. 11-cv-3578, 2012 WL 2370127, at *4 (D. Md., June 21, 2012) (dismissing complaint which

alleged a violation of federal law but did not cite any specific federal law). A court cannot construct the plaintiff's legal arguments for him. *Beaudett*, 775 F.2d at 1278; *Small*, 998 F.2d at 417-18; *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). As Wheatstone points out, Plaintiff can assert a claim of conversion against the men who took the radio equipment from his residence; however, he has not stated such a claim against Wheatstone and does not have a factual basis to do so. Because Plaintiff provides no other legal cause of action for his complaint against Wheatstone, the undersigned **FINDS** that the complaint must be dismissed for failure to state a claim compensable at law.

## IV.　　Proposal and Recommendation

For the reasons that follow, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendants' Motion to Dismiss, (ECF Nos. 11), be **GRANTED**; that the complaint, (ECF No. 1), be **DISMISSED**; and that the case be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and counsel of record.

**FILED:**  November 10, 2022

Cheryl A. Eifert
United States Magistrate Judge